

DA 08-0427

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 157N

ALBERT E. INSUA,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 05-11
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Albert Ernest Insua (self-represented litigant), Shelby, Montana

    For Appellee:

        Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

        George H. Corn, Ravalli County Attorney; T. Geoffrey Mahar, Deputy County Attorney, Hamilton, Montana

Submitted on Briefs: April 22, 2009

Decided: May 6, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Albert E. Insua (Insua) appeals from the order of the Twenty-First Judicial District, Ravalli County, denying his petition for production of records. We affirm.

¶3     A jury found Insua guilty of sexual intercourse without consent and three counts of sexual assault on May 23, 2000. We affirmed Insua's conviction on appeal in *State v. Insua*, 2004 MT 14, 319 Mont. 254, 84 P.3d 11.

¶4     Insua filed a petition for postconviction relief on December 20, 2004. Insua claimed that the State had suppressed exculpatory evidence by failing to call a doctor who had examined one of Insua's victims and that the State had failed to provide Insua with a copy of the doctor's report. Insua also filed a motion for discovery in which he requested investigative reports regarding his three victims as well as the medical reports of one of his victims.

¶5     The District Court denied Insua's petition for postconviction relief. The District Court noted that Insua could have raised on direct appeal the issue of the State's failure to subpoena the doctor who had examined the victim. The court also denied Insua's motion for discovery on the grounds that the State previously had provided the requested information.

2

The court concluded that Insua requested a duplicate copy of what the State previously had provided. The court recommended that Insua obtain a copy of these documents from his former counsel. This Court affirmed on appeal. *Insua v. State*, 2006 MT 288N, 335 Mont. 398, 149 P.3d 913, 2006 WL 3247625 (Table).

¶6 Insua filed a petition for the production of records and supporting brief on June 19, 2008. The District Court denied the petition. The court cited the "repetitious history" of Insua's request, the age of the case, and the fact that Insua had exhausted the appeal process. In light of these facts, the court determined that Insua's requests were unreasonable. Insua appeals.

¶7 Insua, a self-represented litigant, raises for the first time on appeal various *Brady* violations. He contends that the State failed to provide potentially exculpatory evidence. The State notes that Insua failed to raise these issues before the District Court and further cites the fact that Insua had raised this similar issue in his previous postconviction petition.

¶8 We review a district court's denial of a petition for postconviction relief to determine if the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Godfrey*, 2009 MT 60, ¶ 10, 349 Mont. 335, 203 P.3d 834. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs before us that substantial evidence supports the District Court's findings and that the District Court correctly applied well settled Montana law to the facts of this case.

3

¶9    We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE